## EBENEZER CURTICE *vs.* WILLIAM B. BOTHAMLY.

An action of contract upon a recognizance need not be brought in the same court in which the recognizance is entered of record.

If a married woman appeals from a judgment of a police court against her, in a personal action, and enters into a recognizance to prosecute her appeal, the recognizance is valid, although it shows upon its face that she was a married woman, and does not show facts sufficient to establish her liability in the action.

The surety in a recognizance given to prosecute an appeal from a judgment of a police court is not discharged by the plaintiff's subsequent release of his attachment upon the writ.

CONTRACT upon a recognizance entered into by Eliza Stone, wife of William Stone, as principal, and the defendant as surety, with condition that she should prosecute with effect an appeal from a judgment rendered by the police court of Boston in favor of the plaintiff against her, in a personal action, and pay all such costs as might arise after the appeal.

Curtice *v.* Bothamly.

The action was originally brought in the police court, and came into the superior court on appeal; and it was there agreed that in the action in which the recognizance was taken the real estate of said Eliza was attached, to an amount sufficient to satisfy any judgment which the plaintiff could obtain, and that he subsequently discharged the attachment, upon the payment by a purchaser of the real estate of a portion of the amount of the judgment, which payment was applied by the plaintiff in satisfaction of his debt, and the costs which accrued before the taking of the recognizance.

Upon these facts, judgment was rendered for the plaintiff; and the defendant appealed to this court.

*G. E. Betton,* for the defendant.

*A. Cottrell,* for the plaintiff.

CHAPMAN, J.   This is an action of contract upon a recognizance entered into by the defendant as surety of one Eliza Stone, in the police court.   Its condition was, that she should prosecute an appeal taken by her from a judgment rendered against her in that court, in an action in favor of the plaintiff, and pay all such costs as might arise after the appeal.   The appeal and recognizance were duly entered in the superior court.   This action was brought in the police court, and the defendant contends that the court had not jurisdiction of the cause; but that it ought to have been brought in the superior court, where the recognizance is of record.   The authorities cited by him are not in point.   They sustain the position that a *scire facias* on a recognizance must be brought in the court where it is of record. But there is no doubt that an action of contract also lies upon a recognizance.   Police courts have the same jurisdiction with justices of the peace; and it includes all actions of contract where the damages demanded do not exceed one hundred dollars.   Gen. Sts. *c.* 120, § 2.   The language of the statute, therefore, includes the present action, the *ad damnum* not exceeding the sum named.   We can see no objection to this jurisdiction ; for the police court must render the same judgment in the action that the superior court would have done.

The defendant further contends that the recognizance is void,

because it appears on its face that the said Eliza Stone was a married woman, and that the action was a personal action. Therefore he contends that, as a married woman is not liable to such actions, except in special cases, and as the recognizance does not show that she was liable in the action brought against her, the jurisdiction of the court does not appear. But the question whether a married woman is liable upon a particular contract, or for a particular tort, is not a question of jurisdiction. Her plea of coverture is not to the jurisdiction, but to the action. In the present case, it does not even appear that she set up such a defence. The liability of married women upon their contracts is made by our recent statutes very extensive. It includes all debts due from them before marriage, and all debts contracted in their separate business and relative to their separate property.

But the defence principally relied on is, that the officer had attached property on the writ, and the plaintiff released the attachment. It is contended that such a release of a security releases the surety. This is an attempt to apply to a recognizance of this character the doctrines that are established in respect to commercial guaranties. No authority is cited in behalf of the defendant to show that such an application of these doctrines has ever been made, and we can see no reason for thus extending them.

The appellant in an action, when he appeals from the judgment, selects his surety, and the magistrate decides whether he shall be accepted. The appellee has no voice in the matter, and enters into no obligation to the surety, express or implied. He cannot be held as contracting with the surety that he will preserve his attachment, nor can he be regarded as a trustee of the surety to preserve the attached property for his indemnity. The recognizance is merely an independent security, which the law gives him when his adversary appeals from the judgment which he has obtained, and he is at liberty to waive or release his attachment and rely upon the recognizance in whole or in part, as he may see fit. *Judgment for the plaintiff.*